The first case on the call this morning is People of the State of Illinois v. Gina Christopherson. Are the parties ready? Good morning, Your Honors. May it please the Court, Counsel. I'm Tom Lillian of the Office of the State Appellate Defender here on behalf of the defendant, Jenna Christopherson. Jenna Christopherson was 17 at the time of the events giving rise to this prosecution. The specific issue here is whether this 17-year-old can be charged and prosecuted for delivery of alcohol to another minor. Or stated more broadly, a bit more broadly since this is a statutory construction question, whether any minor, being defined as any person under the age of 21, may be prosecuted under Section 616 of the Liquor Control Act for delivery of alcohol to another minor, another person under the age of 21. This is an issue of first impression in the published case law of Illinois so far as I've been able to determine, and I don't think my opponent has found any cases on this subject either. The particular provision has been in effect since 1963. There doesn't seem to be any case discussing a prosecution of a minor for delivery of alcohol to another minor. Now, Section 616 of the Liquor Control Act is entitled Prohibited Sales and Possession. But we'd submit that if you read that provision, the focus is really on the sale, the delivery, the furnishing of alcohol to minors. Section 620, another provision close by Section 616 in the Liquor Control Act, is really the one that focuses on possession. There are two what I would call redundant provisions within Section 616 which sort of duplicate what's in Section 620. Now, the specific charge here was brought under Section 616A, the triple I, I guess I'll call it, three small I's. And that says, no person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, give, or deliver such alcoholic liquor to another person under the age of 21 years, except in the performance of religious ceremony or service. Read literally, I acknowledge that that provision would allow the prosecution of Jenna Christofferson in this case. Certainly she, under the definition of any of, it says no person, she is a human being, she obviously would fall under those terms. So it does, the statute on its face does appear to forbid delivery by one minor, one person under age 21, to another. So our position is not that that individual sentence or provision is ambiguous on its face. However, the provision must be read in the context of the whole of Section 616, specifically with the rest of Section 616A, not, we don't think that sentence should be read in isolation. Section 616 is directed at deliveries by those who are authorized, lawfully authorized to possess liquor and seeks to prohibit or prevent them from furnishing it to those who are under 21. So you're saying that context creates ambiguity? Essentially, yes, Your Honor. That the sentence itself is not ambiguous, but, well, the principles of statutory construction, despite the literal language, do require us to read this within the context of the entire provision, and that's, there's more than one principle of statutory construction that comes into play, and another one that we have to use here is reading it in the context of the whole statute. Those under 21 cannot possess, consume, or receive liquor except in a religious ceremony or in the privacy of a home with parental consent, and that's in Section 620. And I would note as an aside here, Section 620 allows the furnishing by a parent to a minor of liquor in a home. That's not, that limitation is not found in Section 616. So there is at least one exception or limitation to what seems to be the plain language of Section 616. Elsewhere within this very same area within the Liquor Control Act. What significance, Mr. Lanyon, does it have that other sections of the statute does use age restrictions? Now, doesn't that also go to statutory construction in that they, when the legislature knew when it intended to use an age restriction, it could have done so very easily, right? Yes, yes. I'm not saying, there are, I forget the count, whether, the appellate court, I believe, said 37. There are a number of spots within the statute where the legislature specifically refers to persons over or under the age of 21. Yes, Your Honor. And while we're on the subject, you know, of the legislature and maybe a little bit their intent here, the harm is the same whether or not an adult or a minor supplies the alcohol, right? I mean, there's no difference in the harm that's trying to be protected here. No, no. And in this case, you know, a minor did die because another minor furnished her with alcohol. Is it? Well, that causation element, Your Honor, is not there in this particular. We don't, since this is brought on a charge, we don't have that kind of factual context. It really isn't that difficult to believe that the legislature would have wanted to try to prevent the type of harm that occurred in this case. We're not saying that the legislature didn't want to prevent the harm, Your Honor. Right. The harm is something, yes, they want to prevent, but who are we going to make responsible? We've got, and then I'll let it go, but we've got no disagreement as to what the plain meaning of this particular provision says. That sentence read by itself, correct. We have other sections of the statute where the legislature did, I guess, exempt certain age brackets. They know how to do it. And then we have no disagreement that the harm, the legislature wanted to protect the harm that even resulted in this particular case. So I guess I'm having a little difficulty looking at some other provisions to indicate that this doesn't apply to minors. I don't think we have to go far for the other provisions, Your Honor. I'm looking at 616A itself, the provision. This is subpart three of that. There are two other subdivisions in there. The first one pertains to licensees and their agents and employees. The second one pertains to express carriers, common carriers, and their agents and employees. Those are both groups that are authorized, lawfully authorized to deal in liquor, to deliver liquor. The third provision then refers to no other person, and we're saying it's in that context with two other groups that are those lawfully authorized to possess. That's why we're saying it is adults who are lawfully authorized to possess under this particular provision. It's adults who should be considered to be barred from furnishing alcohol to minors under Section 616. And that category would encompass the young man who was charged with, in this particular case, or for the events of March 17, 2005, along with Jenna, as was Jenna Christopherson. There is a young man over the age of 21 charged in this for delivery to the minors. That was appropriately brought. That's what this statute was meant to apply to. Section 616A is not meant for deliveries from one minor to another, but for those who have the lawful authority to possess alcohol and deliver it to minors. So, counsel, does that mean that any minor delivering to another minor never will be prosecuted under this statute? Under Section 616. But Section 620 says it's unlawful for a minor to possess, consume, receive liquor. So the minor, Jenna Christopherson can be prosecuted under Section 620. We've never contended otherwise. That is a Class A misdemeanor, which is the same classification as the offense under 616 with which she is charged here. So we are not saying, the position we're taking does not mean Jenna Christopherson cannot be charged. Any time a minor is in, if you want to call it a chain of delivery where someone over 21 obtains it, passes it to one minor who somehow causes it to come into the possession of another, the minor in the intervening position can be prosecuted under Section 620. Yes, but not for providing or delivering. Not for providing or delivering, correct. So there's no provision in the statute for that? There's not a provision for teenager-to-teenager-type delivery such as we're talking about here. If you're viewing the statutory provision 616A as a whole, we would submit that there is not a provision for minor-to-minor delivery. Isn't that kind of contravening the intent of the legislature? No, because we're maintaining the intent of the legislature is for the minors, you deal with it in terms of possession and consumption. For delivery, you deal with adults. You deal with the lawfully authorized possessors. But it's just the same result occurs when a minor does it as when an adult does delivery. And as I said, the adult involved in the chain of events here is subject to prosecution. Section 620 is the extent to which the legislature has chosen to allow teenagers, allow minors to be prosecuted for their dealings with alcohol. That is a Class A misdemeanor, as I said, and it does cover besides possessing alcohol, consuming alcohol, all sorts of fake identification, fraudulent identification matters. Any of those are also covered as Class A misdemeanors under the statute.  The legislature has chosen to make minors criminally liable for the delivery of alcohol to other minors. The Class A misdemeanor possession provisions are sufficient sanction for the role of minors in this, minors who are considered less competent or less mature to deal with alcohol. We would ask this Court to reverse the decision of the Appellate Court and affirm the Circuit Court. Thank you. Counsel. Thank you, Your Honor. May it please the Court, Michael Scodro from the Office of the Illinois Attorney General on behalf of the people. As was just summarized during the opening comments, the undisputed facts and elements in this case are dispositive of this appeal. In plain language, no one disputes the phrase no person here encompasses those of all ages, nor is there any dispute that the same harm ensues as it did in this case when a minor versus an adult provides alcohol to another minor. The Circuit Court in this case did find the phrase no person to be ambiguous, and this was the threshold conclusion that Court reached before proceeding to define what it perceived to be the legislative intent behind this provision and relying on that for its ruling in favor of the defendant. On appeal, and again before this Court, of course, the defendant has abandoned, and rightfully so, the argument that the phrase no person is in any way ambiguous, for clearly it's not. Instead, the defendant is relying on, at least first and foremost, on the overall structure of Section 16A, and I have a couple of points to make in response to that. First of all, the structure as a whole quite clearly, if anything, favors the State's position in the plain reading of the phrase no person here. As the questioning noted, throughout Section 616A, the legislature was extremely careful to use restrictive phraseology when defining age groups throughout the statute. In 616A2, to immediately precede the provision at issue here, there are no fewer than four references to adults of at least 21 years of age or older. Precisely the qualifying language that the defendant would contend should be read into the phrase no person in the very next provision in the same statute. Likewise, as the Court has noted, throughout Section 616 as a whole, and throughout Section 616A, there are numerous references to minors under the age of 21. Again, the legislature being extremely careful and cautious in defining the age groups that are at issue in the case. I should also note that in Section 621, which is very close on Section 616, obviously, there is an express reference to any person at least 21 years of age who pays for a hotel or motel room where underage drinking occurs. There, the offender itself being defined with the specific age terms that defendant in this case claims ought to be read in Section 616A3 into the phrase no person. The claim is being made that Section 616A as a whole deals with the distribution of alcohol to minors, that the individuals being criminalized by this provision are all meant to be adults. But this is disproven by the remainder of the language of Section 616A itself. Later in the same provision, it appears on page A14 of the appendix. These are not separately enumerated subsections, so it's simply paragraph by paragraph at this point in the statute. But there's a reference to fake IDs. And the fake IDs, of course, are limited expressly in the statute, once again, to minors under the age of 21 who have the fake ID. Likewise, there's a public possession prohibition that appears on page A15 of the appendix, also in Section 616A. And there, too, the legislature was careful to limit it to the class of would-be offenders are those under the age of 21. So the claim that Section 616A is designed holistically to criminalize conduct by adults vis-à-vis minors is simply untrue, and that's not borne out by other provisions in Section 616A itself. Finally, in the last point I'd like to make about the overall structure, the term any person appears elsewhere in Section 616 as well. And if person were to be read narrowly as defendant contends, because there's a holistic effort here to criminalize the conduct of adults throughout this section, it would lead to absurd results elsewhere in Section 616. To provide just two quick examples, there are prohibition on any person is criminally liable for selling or furnishing fake IDs. There's no contention that any person should somehow be limited to the individual 21 or older who creates or furnishes or sells fake IDs. And, again, the claim that person must be limited in Section 616A because of the overall structure of the section would create an absurd result there that clearly can't be consistent with the legislative intent of stamping out the use and the provision of fake IDs. Likewise, I'll make one more reference to structure, and that is the phrase any person used with regard to alcohol possession on school property. Here, again, there's no suggestion that the General Assembly intended person in this context to be limited to those over the age of 21 who have alcohol on school property. Indeed, quite to the contrary, the very exception that the General Assembly creates for this particular offense requires the offender to show not only that the alcohol is in its original container and still sealed, but also that they are otherwise legally – that they are not otherwise legally prohibited from possessing the alcohol. The exception itself requires a showing that you're an adult, proving that the word person in the offense itself for schoolyard possession can't possibly already contemplate that it's limited to adults. The other strain of argument in the briefs here has to do with absurdity and redundancy, and both of these arguments fail as well. Absurdity, as we point out in our brief, is an extremely limited doctrine. This Court's recent decision in Howard earlier this year exemplifies just how narrow that is, where the Court expressed openly misgivings about the practical effect of a plain language interpretation and yet adhered strictly to that interpretation. And even the Court's decision in People v. Hanna from 2003, which is one of the showcase pieces in the briefs in this case, where there was the exercise of the absurdity doctrine to override what seemed to be the most plausible reading of a regulation. There, too, that case is the exception that proves the rule. The extraordinarily absurd outcome in that case in which the Court would have to have presumed that a state agency had imposed upon itself not only impossible but wholly frivolous requirements, not surprisingly led the Court to conclude that that perhaps most plausible reading was not the proper reading. And finally, there simply is no absurd result here in any event, regardless of how the doctrine is construed. The legislature here made very clear at the outset in Section 235, ILCS 5.1-2, the Outset of the Liquor Control Act. The General Assembly made quite clear what its purposes were in this statute. Not only is it to be liberally construed, the General Assembly provides, but it also is to be construed to the end that health, safety, and welfare of the people shall be protected and to promote temperance in the consumption of alcoholic liquors. There can be no question here, as has been said already in this argument, the same harm ensues. There can be no question that that purpose would be undermined by the more restrictive atextual reading advanced by the defendant here. And so far from being absurd, indeed, the plain language interpretation is perfectly consistent with the obvious intent of the General Assembly in this case. And finally, there's no redundancy here. For one point I would make at the outset is even if there were complete redundancy between this provision, 616a3 and 620, the possession, still that would not rise to the level of absurdity. The General Assembly routinely and quite properly separately defines and criminalizes both distribution and possession. They do so with regard to controlled substances. Restrictions on the possession and distribution of firearms could be deemed redundant in the same sense. But more than that, they're simply not redundant here, and they're not redundant for at least two reasons. First, as has already been mentioned, there are substantial exceptions to the section 620 possession provision, one of which is possessing alcohol by a minor with the supervision of and approval of parents within one's own home. So if the minor were to possess under the parent's supervision and with their approval, consistent with this exception, they, of course, would not be liable for the Class A misdemeanor set out in Section 620, possession. But if they were to turn around and provide that alcohol to an underage friend, they would be liable under Section 616a3. So there are a substantial number of cases one could readily imagine in which there would be absolutely no redundancy, and Section 616a3's prohibitions would be essential to capture conduct left uncaptured by Section 620. And finally, there are additional penalties under Section 616a3. Not only are there mandatory fines required, which depend upon recidivism, whether it's a first or subsequent offense, 500 or $2,000 fines, but beyond that, there's the potential felony enhancement that's available in instances in which there's a knowing violation of the statute and death ensues. This is not. There's no analog to this felony enhancement when this far greater harm ensues under Section 620. If the Court has no questions, for these reasons and those stated in our brief, the State would urge the Court to affirm the judgment of the appellate court in this case. Thank you. In rebuttal. First of all, on this redundancy point, what we are claiming is redundant is the possessory provisions in Section 616. They are encompassed within the possessory provisions in Section 620. So the redundancy is strictly as to the possessory provisions. That's all we've claimed. Also, both in the briefs and here today, the State has claimed that we are relying on the absurd results proposition. Nowhere in anything I have filed before this Court have I claimed that there are absurd results in this case. What we are relying on is the legislative intent for Section 616. If I might track back a little bit through the legislative history of 616, under the previous code, it was in Chapter 43, Section 131, when the amendment creating this provision, no person may deliver alcohol to a minor, first took effect back in 1963. The only thing that was in the provision before that said that licensees shall not deliver to persons under age 21 or intoxicated persons. There weren't all these multiple references to persons under 21 when this provision took effect. In fact, the only thing there was the licensee provision at that point. Mr. Lillian, does that mean that you're thinking that statute is ambiguous? Because you wouldn't reach the legislative intent unless you thought that. I thought you said earlier that it wasn't clear. No, I said the one sentence that was added in 1963 is not ambiguous if you take it literally in and of itself. It's read in the context of the rest of Section 616A that there becomes a question and what the legislature intended comes into play. And the principles of statutory construction do say you look at the statute as a whole. So I'm trying to look at the whole of the provision in Section 616A. It seems to me that if we follow your line of reasoning, we are ignoring the legislature's intent to somehow keep alcohol out of the hands of children because under your interpretation, if I understand this correctly, a minor could obtain alcohol from an adult, the adult would be charged, but then the minor could distribute it to any number of people he or she wanted to and could not be charged. Charged under 616 could be charged under 620. Yes, that's our position. But that would facilitate more charges under 620 because that minor would be distributing to maybe a dozen other people knowing he or she could not be charged for what could be a more serious offense. Would that not completely contravene the legislature's intent where an adult could have a committee of minors helping him or her distribute and knowing those children would be free from prosecution? Well, I would suggest even in your example, you have an adult behind that chain of events. The adult is who the legislature means to go at under Section 616. I mean, I would submit if you read the whole provisions together, Section 620 is where the legislature wants to go after the juveniles. And then all of the minors would be free from prosecution under? Under 616, but again, we're talking about misdemeanors and misdemeanors. They're both Class A misdemeanors. However, as Mr. Scodro pointed out, there are additional fines and there's a possibility of a felony charge under 616 that there isn't available under 620. That's true. And we're saying that the legislature did not want, would not have, if you carry that over, that more recent amendment. And there, that's the legislative history that the appellate court did discuss. The legislative history that was relied on there does go to that amendment. And that specifically was directed at an adult, a keg party situation where an adult was sponsoring it. That motivated the addition of that felony provision. That was certainly directed at adults, that added felony provision. Mr. Scodro, how do you, as to the absurdity from the state's perspective, that reading it your way would lead to absurd results in that, I guess, one of the examples was the fake ID provision. How do you address that? The fake ID provisions, somebody over 21 doesn't need fake IDs. Those are going to be directed at the people under 21, just like the possessory alcohol offenses are directed at the people under 21. We're not, as I said, I have not claimed that there are any absurd results here, Your Honor. That's the state putting words into my argument. No, but I think there was the counterargument made by Mr. Scodro that taking your interpretation that reading the statute as a whole, that the particular provision at issue would not pertain to minors. Well, again, that's why I went back to the 1963 amendment, Your Honor, where we didn't have all that other stuff, all the other reference to any person or no person or persons under 21. If you go back in the history, this provision was added when there was only the licensee provision without all that other language. And I believe the language of this provision is essentially unchanged since the 1963 amendment. And if you read it just with where they added it with the licensee provision, I think dating back even to then, that was the intent. Without the consideration of all those other things, because like the other legislative history, it comes afterwards. It wasn't there when this took effect. Is there any case, Authority, that you could come up with where, if the meaning is plain of the provision, that we can go beyond that to legislative intent? Well, I mean, there is. Is there any kind of a case that you can cite to us? Yes, I'm not. It's one of this court. I only cited cases from this court for the principles of statutory construction. And one of them does say that beyond the ‑‑ I'm sorry, I'm not remembering the naming of it at the moment, Your Honor. But one of them does indicate that, yes, you look first at the plain meaning, but both of those cases also say you look at the legislation as a whole and why the legislature enacted it in the first place. So I think the basic principles do allow you to go beyond just the plain meaning, yes. Maybe not to a legislative history, but the other principles of statutory construction at least let you look at the whole provision in trying to construe the meaning. We have an individual sentence that seems to say one thing literally, but you can look at that in context. If there are no other questions, thank you, Your Honors. Thank you. Martial case number 105928 will be taken under advisement as agenda number 8.